CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 31 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUSSELL L. HONAKER, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00505 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By: Hon. Glen E. Conrad |
| JAIL, et al., ) | United States District Judge |
|     Defendants. ) | |

The plaintiff, Russell L. Honaker, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed Honaker's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Honaker is presently incarcerated at the Southwest Virginia Regional Jail. In his original complaint, he alleged that he was being neglected by the jail's nurse and doctor, "causing more damage to [his] lower leg and back."

Honaker's complaint was conditionally filed on August 24, 2006. In the conditional filing order, Honaker was directed to amend his complaint within ten days to name individuals as defendants, and to allege facts concerning conduct undertaken by each defendant, personally, in violation of his constitutional rights. Honaker was also directed to amend his complaint to include specific details about: (1) his particular medical problems; (2) any medical treatment that he has received; and (3) the events upon which his claims are based, including relevant dates.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Honaker filed an amended complaint on August 30, 2006, naming Nurse Rhonda M. Hodge and Dr. K. Ofogh as defendants.[2] Although Honaker's amended complaint includes additional allegations, it does not contain any specific information regarding Honaker's particular medical problems or the dates on which the problems arose. Instead, Honaker alleges that Nurse Hodge has taken him off of medications that were previously prescribed by doctors, and that she has not made an appointment for Honaker to see a "bone doctor." Honaker also alleges that he has seen Dr. Ofogh approximately three times, and that the doctor has told him that he will not refer Honaker for surgery. Honaker contends that surgery was recommended by other doctors in July of 2005.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Honaker's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named defendants.[3]

It is well settled that jail officials may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the officials act with "deliberate indifference" to the

---

[2]To the extent Honaker's filing may be construed as a motion to amend, the court will grant Honaker's motion.

[3]The court notes that Honaker originally named the Southwest Virginia Regional Jail as a defendant. However, because the jail is not a "person" amenable to suit under § 1983, any claims against the jail must be dismissed. See Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989).

2

inmate's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that Honaker's present allegations fail to state a claim against the medical defendants. Despite being advised to amend his complaint, Honaker has not provided any specific information about his medical problems, other than to suggest that he has some sort of hip or leg impairment. Likewise, Honaker has not provided any information as to what caused the impairment or when the impairment arose. At most, Honaker's allegations suggest that he disagrees with the medical defendants' opinions regarding the severity of the impairment and the proper course of treatment. Such disagreements fail to state a claim for deliberate indifference. See Russell, 528 F.2d at 319; Wright, 766 F.2d at 849. Moreover, even assuming that the medical defendants acted negligently in diagnosing or treating the plaintiff's impairment, neither negligence nor malpractice is actionable under § 1983. See Estelle, 429 U.S. at 105-06.

## Conclusion

For the reasons stated, the court will dismiss the plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants, if known.

**ENTER**: This 31st day of August, 2006.

_____
United States District Judge